UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN CAPADANNO,<br><br>               Plaintiff,<br><br>   v.<br><br>AT&T CORP.,<br><br>               Defendant. | CASE NO. C20-1690-MAT<br><br>ORDER RE: DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND OPPORTUNITY TO AMEND |

INTRODUCTION

Plaintiff John Capadanno proceeds pro se and *in forma pauperis* (IFP) in this civil matter alleging employment discrimination and negligence by named defendant AT&T Corporation (AT&T). (Dkt. 5.) Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 17.) Plaintiff, in response, seeks leave to amend. (Dkt. 21.) The Court, for the reasons set forth below, concludes defendant's motion should be denied without prejudice to re-filing and plaintiff afforded the opportunity to submit an amended complaint.

BACKGROUND

Plaintiff states he worked as a Business Customer Service Representative for AT&T. (Dkt.

ORDER
PAGE - 1

5.) He alleges harassment, negligence and other discriminatory treatment by his manager, Laura Kunzl, including yelling, badgering, harassing, negligent behavior, and intimidating hand gestures. (*Id*. at 4-5, 8-9.) He describes an incident on April 21, 2020 which led to his suspension and, later, the termination of his employment. (*Id*.) Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination and retaliation. (*Id*. at 11.) The EEOC issued a determination indicating its inability to conclude the information obtained established a violation and gave plaintiff notice of his right to sue. (*Id*. at 14.) Plaintiff thereafter filed the current suit and defendant, on January 27, 2021, filed both a motion to dismiss and answer. (Dkts. 17-18.) On February 11, 2021, plaintiff submitted his response and request to amend the complaint. (Dkt. 21.)

DISCUSSION

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide detailed factual allegations, it must give rise to something

more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

Defendant argues its entitlement to dismissal based on plaintiff's failure to name the correct entity for his suit or to set forth sufficient allegations to support his claims. (Dkt. 17.) Defendant notes plaintiff was employed by AT&T Mobility Service LLC, a separate entity from AT&T. Defendant further contends that, instead of making an allegation of discrimination because of his membership in a protected class, plaintiff raises vague and ambiguous claims of mistreatment and fails to make any showing of the necessary elements for a claim of negligence. Defendant also provides and relies on an AT&T Human Resources document reflecting the investigation into and resolution of the April 21, 2020 incident leading to plaintiff's termination.

Plaintiff seeks leave to amend the complaint and to name the correct corporate entity as defendant. (Dkt. 21.) He maintains Kunzl harassed and discriminated against him because of his age and that she breached her duty as his manager to treat him fairly and without discrimination. He asserts physical and mental injuries, including, *inter alia*, fear for his safety, emotional distress, and his hospitalization due to his inability to focus on his treatment for diabetes and congestive heart failure.

A plaintiff may amend his pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)[,] whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). In this case, while failing to submit an amended pleading with his response, plaintiff requested leave to amend within twenty-one days of the filing of defendant's motion to dismiss and answer. (*See* Dkts. 17-18, 21.) Plaintiff is also proceeding pro se and is, therefore, entitled to notice of deficiencies in his complaint and leave to amend before dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). *See also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (a plaintiff proceeding pro se "'must be held to less stringent

ORDER
PAGE - 3

standards than formal pleadings drafted by lawyers'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  *But see Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect").

Defendant here identifies grounds for dismissal in relation to the existing pleading and it remains unclear whether plaintiff will be able to set forth a viable claim for relief.  The Court does not, however, find dismissal appropriate at this time.  Instead, considering his pro se status and timely request to amend, the Court concludes plaintiff should be afforded the opportunity to submit an amended complaint.  The amended pleading must name the proper defendant and must include a short and plain statement of plaintiff's claims showing he is entitled to relief, with specific, plausible facts presented in support of those claims.  This matter will proceed only if plaintiff complies with these directives.[1]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. 17) is DENIED without prejudice to later re-filing as may be warranted.[2]  For this matter to proceed, plaintiff must, within **thirty (30) days** of the date of this Order, submit an amended complaint naming the proper corporate entity as defendant and otherwise complying with the directives set forth above.  The amended complaint must be filed under the same case number as this one and will operate as a complete substitute for, rather than a mere supplement to, the present complaint.  *See Ferdik*, 963

---

[1] Considering plaintiff's IFP status and pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court previously granted plaintiff's request for service on AT&T by U.S. Marshals. (Dkt. 10.)  The Court anticipates defendant will agree that the Court need not incur any additional cost for service and stipulate that plaintiff may substitute the correct corporate entity as defendant.

[2] The Court may not, as a general matter, consider material beyond the complaint in ruling on a motion under Rule 12(b)(6).  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Exceptions to this rule include material properly submitted as a part of the complaint, the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Lee*, 250 F.3d at 688.  Should a defendant again seek dismissal under Rule 12(b)(6), it should consider this rule in relation to any documentation submitted in support of the motion.

F.2d at 1262.  If no amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, this matter will be subject to dismissal.

DATED this 22nd day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 5