UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CAPADANNO,

    Plaintiff,

  v.

AT&T MOBILITY SERVICES LLC,

    Defendant.

CASE NO. 2:20-CV-01690-MAT

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 40) (the Motion). Plaintiff John Capadanno brought suit against Defendant AT&T Mobility Services LLC (AT&T) for age discrimination, negligence, and retaliation. Plaintiff proceeds *pro se* and *in forma pauperis*. Dkt 1, 5. AT&T moves for summary judgment based on Plaintiff's failure to produce competent evidence to support his claims. Plaintiff has filed no response to the Motion. For the reasons stated below, the Motion is GRANTED.

## **BACKGROUND**

Plaintiff worked for AT&T as a Business Customer Service Representative up until his termination on May 28, 2020. Dkt. 31 (Am. Compl.), at 1; Motion at 7. On April 21, 2020, Plaintiff and his supervisor, Laura Kunzl, were involved in an incident, during which Plaintiff left his work

ORDER
PAGE - 1

area and brought a building security guard to Ms. Kunzl's office. Am. Compl. at 3; Motion at 6–7. Following this incident, Plaintiff was suspended and ultimately terminated. Am. Compl. at 4; Motion at 7.

Plaintiff thereafter filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination and retaliation. Dkt. 5 (Initial Compl.) at 11. Specifically, Plaintiff alleged that Ms. Kunzl engaged in "hostile, abusive and threatening behavior" toward Plaintiff "and another employee in [his] age group" and that, "[r]ather than take action to address or stop Ms. Kunzl's hostile conduct, [AT&T] terminated his employment." *Id.* The EEOC issued a determination indicating its inability to conclude the information obtained established a violation and gave Plaintiff notice of his right to sue. *Id.* at 14.

Plaintiff subsequently filed the instant lawsuit. *See id*. at 1–7. Plaintiff amended his Initial Complaint on February 21, 2021, and specifically alleges that Ms. Kunzl "practiced bullying, intimidation, yelling, screaming, harassment, and other forms of degrading behavior, such as, fist gestures made to [his] face from 6' to 2' distances." Am. Compl. at 2. Plaintiff asserts that, due to Ms. Kunzl's discriminatory treatment, he suffered physical and mental injuries, including, among others, fear for his safety, emotional distress, and hospitalization due to his inability to focus on his treatment for diabetes and congestive heart failure. *Id*. at 4.

AT&T moves for summary judgment on Plaintiff's discrimination claim arguing that Plaintiff fails to demonstrate a prima facie case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., that there is a legitimate, non-discriminatory reason for the adverse action, that Plaintiff does not claim that there was a pretext for his termination, and that Plaintiff cannot show disparate treatment or impact. AT&T further moves for summary judgment on Plaintiff's retaliation and negligence claims because Plaintiff admits that he did not intend to bring a

retaliation claim and because Plaintiff produced no evidence to support a prima facie case for negligence.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, "[t]he court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)). The court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the nonmoving party must make a "sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### 1. Discrimination Claim

AT&T moves for summary judgment arguing that Plaintiff fails to establish a prima facie case for discrimination. The Age Discrimination in Employment Act (ADEA) makes it unlawful "to discharge any individual or otherwise discriminate against any individual" over the age of 40 "because of such individual's age."[1] 29 U.S.C. § 623(a)(1), 631(a). "A plaintiff alleging discrimination under the ADEA may proceed under either of two theories: disparate treatment or

---

[1] Courts apply the same standards and burdens under the Washington Law Against Discrimination (WLAD) as under the ADEA. *See Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1002 (9th Cir. 2019). Therefore, to the extent that Plaintiff's allegations can be inferred to raise state law claims under WLAD, the analysis herein applies equally to any state law claims.

ORDER
PAGE - 3

disparate impact." *Palmer v. United States*, 794 F.2d 534, 536 (9th Cir. 1986). Plaintiff alleges age discrimination under a theory of disparate treatment.[2] *See* Am. Compl. at 2 (alleging that he was "harassed and treated discriminatively" because of his age). "To show a prima facie case of disparate treatment, a plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690 (9th Cir. 2017)

A plaintiff can demonstrate an inference of discrimination by meeting the burden shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Reynaga*, 847 F.3d at 290. In order to establish a prima facie case for age discrimination under *McDonnell Douglas*, the plaintiff must show that "(1) the plaintiff belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."[3] *Id.* at 691; *see also Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir. 1981). Once a plaintiff has established a prima facie case for age discrimination, "the burden shifts to the employer 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Palmer*, 794 F.2d at 537 (quoting *McDonnell Douglas*, 411 U.S. at 802–05). If the employer carries this burden, the plaintiff has the opportunity to prove by a preponderance of the evidence that the

---

[2] Plaintiff has not identified any specific employment practices that are alleged to have created statistical disparities based on age to support a disparate impact theory of discrimination. *See Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (when alleging a disparate impact on workers, the plaintiff is "responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities") (emphasis in original) (internal citations and quotation marks omitted)).

[3] A prima facie case for discrimination may also be established by producing direct evidence showing a discriminatory animus for an adverse employment action. *See Reynaga*, 547 F.3d at 691. "Direct evidence of discriminatory intent consists of 'evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption.'" *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017) (alterations in original) (internal citation omitted). Plaintiff has produced no direct evidence of age discrimination in this matter.

ORDER
PAGE - 4

1    employer's stated reason for plaintiff's rejection was in fact a pretext for discrimination, and not

2    the true reason for his discharge." *Id.* "The plaintiff has the ultimate burden of proving that age

3    was a 'determining factor' in the employer's allegedly unlawful conduct." *Douglas*, 656 F.2d at

4    531 (citation omitted).

5         AT&T concedes that Plaintiff is a member of a protected class and suffered from an adverse

6    employment action. Motion at 10. However, AT&T disputes that Plaintiff's termination was a

7    result of discrimination. *Id.* Plaintiff alleges that his supervisor, Ms. Kunzl, engaged in

8    discriminatory treatment toward him by, among others, yelling, badgering, harassing, and making

9    hand gestures. Am. Compl. at 2. However, Plaintiff fails to produce any admissible evidence

10   showing that Ms. Kunzl's alleged behavior toward him and AT&T's termination of Plaintiff's

11   employment had a discriminatory motive. Rather, Plaintiff testified that he does not know the

12   reason behind Ms. Kunzl's alleged actions:

13             "I explained in my initial submittal to the Court that – and to the
               EEOC, that I don't – you know, the person harassed me, badgered
14             me, et cetera, but I don't know why."

15             "I couldn't figure out at first why I was always being yelled at . . . ."

16             "I wasn't sure why, excuse me, she was treating me like this."

17   Capadanno Decl. at 39:10–13, 40:21–22, 41:3-4. Although Plaintiff testified that another older,

18   more senior employee, identified as Tracy Gillette-Counter, was treated the same way and that "it

19   looked like the both of us were being treated in a discriminative way" (*id.* at 41:19–20), Plaintiff

20   does not produce testimony from Ms. Gillette-Counter or other evidence to support this contention.

21   Further, Plaintiff has not produced any evidence that younger, similarly situated employees

22   received better treatment. Accordingly, Plaintiff's testimony does not support an inference, beyond

23   mere speculation, of age discrimination.

ORDER
PAGE - 5

Further, Plaintiff has not produced evidence that he was performing his job in a satisfactory manner prior to his termination. Plaintiff testified that AT&T's metrics "were very difficult to meet," that, although he met his metrics earlier in his employment, "[a]s time went on and people needed more time to resolve their issues . . . the metrics to be adhered to were almost impossible." Capadanno Decl. at 22:14–25. Plaintiff further admitted that he "wasn't always meeting the metrics the way the company had scheduled the protocols or metric." *Id*. at 22:25–23:2. Conversely, AT&T has produced copies of its business records showing that Plaintiff was written up for disciplinary action on November 6, 2017, related to attendance; on March 31, 2020, for creating a hostile work environment for another employee; and on April 22, 2020, related to the incident with Ms. Kunzl. Motion, Ex. 2–4; Motion, Att. 13 (Phillips Decl.) at ¶¶ 2–4. Because the admissible evidence produced by AT&T shows that Plaintiff had been subject to disciplinary action prior to his termination and Plaintiff does not dispute this evidence, Plaintiff has failed to establish another essential element of a prima facie age discrimination claim.

Even if Plaintiff had sufficiently established a prima facie case for age discrimination— which the Court finds that he did not—AT&T has articulated a legitimate, non-discriminatory basis for Plaintiff's termination. AT&T asserts that Plaintiff's termination was the result of Plaintiff's disruptive behavior on the incident of April 21, 2020. Motion at 13. AT&T has produced copies of its human resources records investigating the April 2020 incident, in which it was reported/alleged that Plaintiff had engaged in workplace violence, hostile work environment, and misuse of company resources. Motion, Ex. 4 (HR Event Record) at 1; Phillips Decl. at ¶¶ 2–4. AT&T's human resources/legal investigation found as follows:

> An Asset Protection investigation found that Mr. Capadanno after being coached by his supervisor stated that he would get security to which the supervisor responded she would have him removed. Mr. Capadanno later retrieved a security guard and brought them to the

floor. He was observed by others yelling and pounding on the supervisor's office window. The yelling and disruption to the office has created a hostile work environment in that employees are afraid of him. Mr. Capadanno misused company resources in that of building security, to retaliate against his supervisor. Mr. Capadanno's actions in this instance of calling security on his supervisor without a valid reason and in apparent retaliation against his supervisor are more egregious than other cases where employees have yelled and caused disruption in the work environment. He is currently on a Written Warning for Workplace Violence. HR and Legal support the client's recommendation to terminate this employee for Misconduct – Workplace Violence, Hostile Work Environment and Misuse of Company Resources.

HR Event Record at 7; Phillips Decl. at ¶¶ 2–4. AT&T's investigation found that the "allegations were substantiated" and, as a result, Plaintiff was terminated. HR Event Record at 2; Phillips Decl. at ¶¶ 2–4. Plaintiff does not dispute that, during the April 2020 incident, he left his work area, brought a building security officer to Ms. Kunzl's office, and began knocking on Ms. Kunzl's office and pointing through her window. Capadanno Decl. at 33:10–34:11. Plaintiff further testified that he was talking to the security guard during the incident and that, because of the acoustics in the building, his "voice seemed to be quite more so than moderate sounding." *Id.* at 33:21–34:3. Plaintiff further has neither argued nor produced evidence that the reasons offered for his dismissal were a pretext for discrimination. Because AT&T has produced undisputed and admissible evidence of a legitimate, non-discriminatory reason for Plaintiff's termination, Plaintiff has failed to meet his burden to show an inference of discrimination in this matter.

For the reasons discussed above, Plaintiff has failed to meet his burden to establish a prima facie case of age discrimination against AT&T. Further, AT&T has offered undisputed and admissible evidence showing a legitimate, non-discriminatory reason for Plaintiff's termination. Therefore, the Court grants AT&T's motion for summary judgment with respect to Plaintiff's age discrimination claim.

**2. Retaliation Claim**

Plaintiff's Initial Complaint to the Court and complaint filed with the EEOC allege a claim for retaliation. Initial Compl. at 4, 11. To establish a prima facie case for retaliation, the plaintiff must establish (1) that he acted to protect his Title VII rights, (2) that an adverse employment action was thereafter taken against him, and (3) that a causal link exists between these two events. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994). Once the plaintiff has established a prima facie case for retaliation, "[t]he burden of production then shifts to [the employer] to advance legitimate, non-retaliatory reasons for any adverse actions taken against [the plaintiff]." *Id.* The plaintiff "has the ultimate burden of showing that [the employer's] proffered reasons are pretextual." *Id.*

Plaintiff testified that he complained twice about Ms. Kunzl's alleged behavior to Ms. Kunzl's supervisors, in August or September of 2019 and again in February or March of 2020. Capadanno Decl. at 35:15–25, 37:3–7. Plaintiff testified that he did not receive any resolution regarding his complaints. *Id.* Plaintiff testified that he also filed a complaint against Ms. Kunzl to AT&T's human resource department harassment hotline on March 31, 2020, and that he similarly did not receive a resolution from his complaints. *Id.* at 37:15–39:2. However, Plaintiff has failed to show that there was a causal link between his complaints about Ms. Kunzl and his termination from AT&T. Conversely, as discussed above, AT&T has produced undisputed and admissible evidence of a legitimate, non-discriminatory reason for Plaintiff's termination. Indeed, Plaintiff appears to have withdrawn his retaliation claim as alleged in his Initial Complaint, testifying in his deposition that he did not intend to make a retaliation claim and that he made this amendment in his Amended Complaint, which does not raise a retaliation claim. *Id.* at 39:3–40:5; *see* Am. Compl. at 1–5. Because Plaintiff has failed to establish a prima facie claim for retaliation, and also appears

to have withdrawn such claim, the Court grants AT&T's motion for summary judgment with respect to Plaintiff's retaliation claim.

### 3. Negligence Claim

Plaintiff alleges that Ms. Kunzl was negligent in her treatment of him as his manager, that, as his manager, Ms. Kunzl had a legal duty to treat him fairly, courteously, and non-discriminatively, and that Ms. Kunzl "breached that duty in her continuous practice of bullying, intimidation, yelling, screaming, harassment, and other forms of degrading behavior, such as, fist gestures made to [his] face from 6' to 2' distances." Am. Compl. 3–4.

Where a claim for negligent supervision or retention or a claim for negligent infliction of emotional distress rely on the same facts to support a discrimination claim, Washington courts have held that these claims are duplicative and, therefore, must be dismissed. *See Haubry v. Snow*, 31 P.3d 1186, 1193 (Wash. App. 2001); *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1193 (Wash App. 2000). Such claims can "only arise[ ] when the claim is based on a separate factual basis" from the discrimination claim. *Haubry*, 31 P.3d at 1193. There is no dispute that Plaintiff's negligence claims are based on the same factual allegations that underpin Plaintiff's age discrimination claim. *See* Motion, Ex. 9 (Plaintiff's Discovery Answers) (applying the same factual basis to Plaintiff's negligence claim as his discrimination claim); Motion, Att. 14 (Steele Decl.) at ¶¶ 2–3. Therefore, the Court grants AT&T's motion for summary judgment with respect to Plaintiff's negligence claim.

//

//

//

//

ORDER
PAGE - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's Motion for Summary Judgment (Dkt. 40). The case before this Court is DISMISSED WITH PREJUDICE.

DATED this 26th day of April, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 10