**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN CAPADANNO, | No. 22-35359 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01690-MAT |
| v. | |
| AT&T MOBILITY SERVICES LLC, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| AT&T CORP., | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted August 4, 2023**
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and JOHNSTONE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

John Capadanno appeals pro se from the district court's grant of summary judgment in favor of his former employer AT&T Mobility Services ("AT&T") on his claims of age discrimination, retaliation, and negligence under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and Washington state law. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order granting summary judgment de novo. *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). We view the evidence in the light most favorable to Capadanno, the nonmoving party, to determine whether there are any genuine issues of material fact. *Id.* Finding none, we affirm.

The district court correctly granted summary judgment in favor of AT&T on Capadanno's age discrimination claims. A plaintiff can make out a prima facie case of age discrimination "either by using the *McDonnell Douglas* framework, or alternatively, [by] simply produc[ing] direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." *Opara*, 57 F.4th at 721–22 (citation and internal quotation marks omitted) (discussing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1002 (9th Cir. 2019) (*McDonnell Douglas* framework applies to Washington state-law employment discrimination claims). If the plaintiff makes a prima facie case of discrimination,

the burden shifts to the employer to produce "some legitimate, nondiscriminatory reason for the challenged action." *Opara*, 57 F.4th at 723 (citation omitted). The plaintiff then "must show that the articulated reason is pretextual." *Id.*

The district court correctly found that Capadanno failed to establish a prima facie case of age discrimination under the *McDonnell Douglas* framework because he failed to show satisfactory job performance and that AT&T treated younger, similarly situated employees more favorably. *See id.* at 722 (discussing *McDonnell Douglas* factors). Nor did Capadanno otherwise produce direct or circumstantial evidence demonstrating AT&T was motivated by a discriminatory motive. The district court further correctly found that, even if Capadanno had established a prima facie case of age discrimination, AT&T articulated a legitimate, non-discriminatory reason for his termination, and Capadanno offered no evidence to show the reason was pretextual. Accordingly, Capadanno did not raise a genuine issue of material fact as to whether AT&T's employment actions were "due in whole or in part to age discrimination." *Id.* at 728.

The district court also correctly granted summary judgment in favor of AT&T on Capadanno's retaliation claim. Capadanno failed to establish a prima facie case for retaliation because he failed to provide evidence of a causal link between any protected behavior and AT&T's termination of his employment. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994) (discussing

elements of a prima facie case of retaliation under Title VII). Moreover, even if Capadanno had made a prima facie case, AT&T provided a legitimate, nonretaliatory reason for terminating his employment and Capadanno produced no evidence the reason was pretextual. *See id.* at 1464–5.

We will not disturb the district court's grant of summary judgment on Capadanno's negligence claim involving his manager's behavior towards him where Capadanno does not specify what type of negligence claim under Washington state law he asserts nor identify a theory under which liability would extend to AT&T, and where he does not challenge the district court's reasoning for dismissing the claim. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctively raised and argued in appellant's opening brief.") (citation and internal quotation marks omitted). Similarly, we decline to consider Capadanno's contentions regarding his failure to respond to the motion for summary judgment because he did not raise them before the district court. *See id.* (declining to consider arguments and allegations raised for the first time on appeal).

Capadanno's request for appointment of counsel on appeal, filed on June 27, 2022 (Dkt. No. 6), is DENIED.

**AFFIRMED.**